IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-124-2FL
No. 7:13-CV-229-FL

| | |
|---|---|
| DENNIS FREEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for consideration of a motion to vacate filed by Petitioner, Dennis Freeman. The government has moved to dismiss the motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and Petitioner has responded. This matter was referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that the government's motion be granted and Petitioner's claims be dismissed.

## STATEMENT OF THE CASE

On September 28, 2011, Petitioner was indicted on: (1) one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1); and (2) one count of knowingly and intentionally distributing a quantity of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Pursuant to a written plea agreement, petitioner pled guilty to the conspiracy charge on February 14, 2012. As a part of the plea agreement, Petitioner agreed to waive

> all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[D.E. 102 at 1-2]. Petitioner's sentencing hearing was held on October 25, 2012. The court determined that the total offense level was 27 and that Petitioner had a criminal history category of VI, resulting in an advisory guideline range of 130 to 162 months' imprisonment. Pursuant to § 5K1.1 of the United States Sentencing Guidelines, the government moved for a downward departure, which the court granted. Based upon those considerations, the court sentenced Petitioner to a 90-month term of imprisonment and five years' supervised release. The remaining count of distribution of a quantity of cocaine was dismissed at sentencing. Petitioner did not appeal his sentence. On March 19, 2015, Petitioner's sentence was reduced to 76 months pursuant to 18 U.S.C. § 3582(c). Now before the court is Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

## **DISCUSSION**

Petitioner asserts three arguments in support of his § 2255 motion. First, Petitioner argues that the prosecution engaged in various forms of misconduct during his Rule 11 hearing and at sentencing. Second, Petitioner contends that his lawyer was ineffective during his Rule 11 proceeding. Third, Petitioner alleges that his lawyer was ineffective at sentencing.

**I.      Effect of Petitioner's Guilty Plea**

By entering a valid guilty plea, a defendant admits the material elements of the crime.

*McCarthy v. United States*, 394 U.S. 459, 466 (1969). The defendant further admits that the government produced evidence sufficient to support his conviction for the offenses to which he pleads guilty. *Jenerette v. United States*, Nos. 7:11-CR-156-FL, 7:13-CV-43-FL, 2014 WL 808923, at *6 (E.D.N.C. Feb. 28, 2014) (quoting *United States v. Broce*, 488 U.S. 563, 569-70 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. . . By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime."). Thus, "a guilty plea constitutes a waiver of all nonjurisdictional defects, including 'the right to contest the factual merits of the charge.'" *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (citation omitted).

Statements made by a defendant during a Rule 11 plea hearing "carry a strong presumption of verity" and "present a formidable barrier" to challenges in subsequent collateral proceedings. *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotation marks omitted). Absent extraordinary circumstances, the truth of a defendant's sworn statements during a plea colloquy is "conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 405 F.3d at 221.

## II. Prosecutorial Misconduct Claims

There is a two-part test to determine whether a prosecutor's statements constitute reversible misconduct: (1) the prosecutor's statements must have been improper; and (2) the statements must have "prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v. Chong Lam*, 677 F.3d 190, 203 (4th Cir. 2012) (quoting *United States v. Chorman*, 910 F.2d 102, 113 (4th Cir. 1990)). Courts examine various factors in assessing

3

whether a defendant's substantial rights were affected to the point of denying him a fair proceeding, including the degree to which the prosecutor's statements prejudice the defendant, the frequency of the statements, whether the statements divert attention from the major issues, and whether the statements were invited by improper conduct by defense counsel. *Chong Lam*, 677 F.3d at 203-04 (citing *United States v. Lighty*, 616 F.3d 321, 361 (4th Cir. 2010)).

Here, Petitioner alleges that the prosecutor engaged in four different courses of misconduct. Specifically, Petitioner asserts that (1) the prosecutor failed to provide a statement of facts supporting Petitioner's guilty plea; (2) the prosecutor presented evidence not related to the charged offenses; (3) the prosecutor presented evidence of multiple conspiracies rather than just the one underlying Petitioner's guilty plea; and (4) at the sentencing hearing, the prosecutor improperly manipulated the calculation of the sentencing guideline range, resulting in a higher guideline range.

Rule 11 of the Federal Rules of Criminal Procedure outlines the process for accepting a defendant's guilty plea. Before accepting the plea, the court must ensure that the defendant understands, among other things, "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). Additionally, "the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). This rule is intended to clarify "exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *United States v. Mastrapa*, 509 F.3d 652, 659-60 (4th Cir. 2007) (quoting *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991); *United States v. Fountain*, 777 F.2d 651, 355 (7th Cir. 1985)).

To prove conspiracy to possess cocaine base with intent to distribute under § 841(a)(1), the government must establish (1) an agreement to possess cocaine with intent to distribute between two or more people, (2) that the defendant knew that the conspiracy existed, and (3) that the

4

defendant knowingly and voluntarily became part of the conspiracy. *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (citations omitted). Since a conspiracy is, by its nature, "clandestine and covert," there is generally little direct evidence to prove those elements. *Id*. (citing *Blumenthal v. United States*, 332 U.S. 539, 557 (1947); *United States v. Wilson*, 721 F.2d 967, 973 (4th Cir. 1983)). Thus, a conspiracy may be inferred from a variety of circumstantial facts, such as the defendant's relationship with the other conspirators, the length of defendant's involvement, the defendant's conduct within the conspiracy, and the nature of the conspiracy. *Id*. at 857-58 (citing *Iannelli v. United States*, 420 U.S. 770, 777 n. 10 (1975); *United States v. Dozie*, 27 F.3d 95, 97 (4th Cir. 1994); *United States v. Collazo*, 732 F.2d 1200, 1205 (4th Cir. 1984); *Glasser v. United States*, 315 U.S. 60, 80 (1942).

Petitioner's first three prosecutorial misconduct claims, although couched as misconduct, constitute attacks upon the factual basis of Petitioner's guilty plea. By pleading guilty, Petitioner waived his right to contest the sufficiency of the evidence underlying his conviction. *Willis*, 992 F.2d at 490.

Furthermore, Petitioner's prosecutorial misconduct claims fail on the merits. Petitioner contends that the prosecutor failed to provide a complete statement of facts outlining the elements of the charged offenses and giving a sufficient factual basis for his drug conspiracy conviction. [D.E. 172-1 at 3-9]. Petitioner argues that the evidence presented at the Rule 11 hearing could not form a basis for the agreement element of the conspiracy charge and that had he been fully apprised of the facts against him and the elements of the conspiracy charge, he would not have pled guilty. This allegation of misconduct is not supported by the record. At Petitioner's Rule 11 hearing, the magistrate judge explained the charges against Petitioner, including the maximum punishment he could receive for each offense charged. [D.E. 170 at 15-17]. As part of this explanation, the judge

5

explicitly notified petitioner of the elements that the government would have to prove in order to convict Petitioner of the conspiracy offense. [D.E. 170 at 15]. The court then asked Petitioner whether he understood the felony charges against him, and Petitioner answered that he did. [D.E. 170 at 16]. Petitioner further admitted that he had committed each of the essential elements of the conspiracy offense. [D.E. 170 at 23-24]. Petitioner's plea agreement, which Petitioner admitted having read and reviewed with his attorney, also lists the elements of the conspiracy charge to which Petitioner pled guilty. [D.E. 102 at 5]. Thus, the record shows that Petitioner was provided with details of the nature and elements of the conspiracy offense prior to entering his guilty plea. Petitioner may not now contradict his sworn statements. *Lemaster*, 405 F.3d at 221.

Furthermore, the facts presented by the prosecution tended to show that Petitioner was involved in a drug trafficking ring from at least January 2010 until the date of arrest, that Petitioner was involved in cocaine sales during that period, that Petitioner made sales to at least two different buyers, and that Petitioner responded to orders from at least one other member of the conspiracy. [D.E. 170 at 25-27]. Those facts do not conclusively establish that Petitioner agreed to join the conspiracy, but they constitute proper circumstantial evidence from which an agreement and Petitioner's knowledge of the conspiracy may be inferred at trial. *See Burgos*, 94 F.3d at 857-58. While Petitioner contends that the evidence was insufficient to attribute more than 500 grams of cocaine to him through the conspiracy, he admitted to conspiring to possess that amount of cocaine and the government presented evidence of numerous drug sales made by Petitioner over a lengthy period of time. [D.E. 170 at 23-24; 25-27]. That evidence provides sufficient factual basis for Petitioner's plea.

Petitioner next contends that the prosecution engaged in prejudicial misconduct by presenting evidence extrinsic to the charge to which he pled guilty. [D.E. 172-1 at 9-11].

6

Specifically, Petitioner argues that the prosecution improperly presented evidence of his past drug trafficking activities and of a controlled buy from Petitioner instead of evidence concerning an agreement made by Petitioner to engage in criminal activity. Petitioner misconstrues the nature of a conspiracy charge. As explained above, conspiracies are rarely proved using direct evidence. *Burgos*, 94 F.3d at 857. Instead, evidence of a defendant's criminal behavior and relationships with co-conspirators can be used to infer a conspiracy where no direct evidence of the agreement exists. *Id*. at 857-58. The evidence of which Petitioner complains is relevant to proving his involvement in the conspiracy.

Third, Petitioner argues that the prosecution engaged in misconduct by presenting evidence of multiple conspiracies rather than just the conspiracy to which he pled guilty. [D.E. 172-1 at 11-12]. Petitioner specifically challenges the prosecutor's statement that there were other facts specifically relating to other defendants in the case. [D.E. 170 at 27, ln. 3-6]. Petitioner contends that the only conspiracy to which he pled guilty was between him and one of his co-conspirators and was limited to the distribution of 115 grams of cocaine. Any other evidence, argues Petitioner, concerned other extraneous conspiracies. The indictment alleged, however, a conspiracy ranging from 2009 until July 2011, not just an individual sale. Petitioner admitted to being involved in such a conspiracy. [D.E. 170 at 23-24]. The prosecutor's statement specifically concerned the amount of cocaine involved and the extent of the conspiracy. *See* [D.E. 170 at 27 ("[B]ut the amount of cocaine that they were moving in Brunswick County is substantially above 500 grams of cocaine.")].

Fourth, Petitioner argues that the government improperly manipulated the calculation of the guideline base offense level. [D.E. 172-1 at 13-16]. Petitioner argues that prosecutors gave information to the Probation Office suggesting that the amount of cocaine attributable to Petitioner

7

over the course of the conspiracy was higher than could be established by the facts. Without that information, claims Petitioner, the recommended base offense level would have been much lower, resulting in a lesser sentence. Even assuming this claim is cognizable in a § 2255 proceeding, it must fail. First, Petitioner waived his right to challenge the sentence imposed, "including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range . . . established at sentencing." Petitioner did not receive a sentence in excess of the guideline range established at sentencing and he is, therefore, barred from challenging his sentence, notwithstanding his attempt to couch this claim as one of prosecutorial misconduct. Furthermore, Petitioner's claim here is that the prosecutor engaged in improper conduct, the result of which was a prejudicial *recommendation* of a higher guideline range than supported by the facts. Recommendations in a PSR are merely advisory and are not binding on the court. As to this claim, Petitioner has not shown error entitling him to relief under § 2255.

Moreover, Petitioner has not shown improper conduct on the part of the prosecution. Petitioner essentially argues that any evidence of his trafficking activity other than the sale involving 115 grams of cocaine should not have been included. The problem with that argument, however, is that Petitioner admitted in his guilty plea to participating in a conspiracy dating back to 2009. [D.E. 170 at 24]. That admission makes any drug trafficking activity, particularly that involving Petitioner and his co-conspirators, relevant to his sentence. Further, a conspiracy is a continuing offense, not one which exists only at one moment in time. *See United States v. Kang*, 715 F.Supp.2d 657, 666-70 (D.S.C. May 27, 2010) (citing *Krulewitch v. United States*, 336 U.S. 440, 442-43 (1949) (conspiracy ends when central objective is achieved); *Lutwak v. United States*, 344 U.S. 604, 616-18 (1953) (concealing a conspiracy can be a central objective but the

8

Case 7:11-cr-00124-FL   Document 208   Filed 08/31/15   Page 8 of 14

government must prove that it is); *Grunewald v. United States*, 353 U.S. 391, (1957) (government cannot imply concealment as part of the central conspiracy based upon circumstantial evidence)). The government's evidence establishes that Petitioner was engaged in drug sales as part of the activities of his co-conspirators from 2009 until 2011, when he was arrested. The central objective was distributing cocaine in Brunswick County, which the evidence shows was carried out throughout the alleged period. Thus, the older evidence was all relevant to establish Petitioner's involvement in the conspiracy, the duration of the conspiracy, and the quantity of cocaine for which Petitioner should be held responsible.

Finally, Petitioner was not prejudiced by the alleged misconduct. The court calculated a lower guideline range than was recommended in the PSR upon stipulation of the parties. [D.E. 171 at 5]. By stipulating to the reduced amount, Petitioner agreed that the amount proffered by the prosecutor was proper and was sustainable by the evidence.[1] Thus, Petitioner cannot demonstrate either that the prosecutor's conduct was improper or that he was prejudiced as a result of the prosecutor's actions.

### III. Ineffective Assistance of Counsel at the Rule 11 Hearing

To establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. In the context of a plea,

---

[1] Petitioner also alleges that his attorney's advice to accept the stipulation was ineffective assistance of counsel. As will be discussed below in Section III, the undersigned finds that there was evidence to support the stipulated amount and counsel's advice was within the realm of objectively reasonable professional assistance.

9

a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

Petitioner maintains that his attorney should have (1) negotiated a plea agreement which included a stipulated sentence from the government, (2) challenged the factual basis for Petitioner's guilty plea, and (3) advised Petitioner of the consequences of a guilty plea and of the elements of a charge under § 841(a)(1). [D.E. 172-1 at 16-24].

As to Petitioner's first allegation of ineffective assistance, it is clear that neither prong of the *Strickland* test is met. It is well within the acceptable range of professional conduct for an attorney to negotiate a plea agreement that does not contain a stipulation or recommendation concerning the sentence to be imposed. This is particularly so since, under the Federal Rules of Criminal Procedure, such an agreement is not binding upon the court. *See* Fed. R. Crim. P. 11(c). Petitioner is also unable to show a reasonable probability of a different outcome. Any stipulated sentence in a plea agreement is a recommendation, which the court is free to reject. Ultimately, the court has the discretion to craft a sentence that it believes achieves the sentencing goals of 18 U.S.C. § 3553(a). While a stipulation may inform the court's opinion, such action does not guarantee a particular sentence. Petitioner has not shown a reasonable probability that any stipulated sentence would have been accepted by the court or that a negotiated sentence would have been lower than what he ultimately received. Therefore, Petitioner has not made the required showings for ineffective assistance of counsel on this claim.

10

Second, Petitioner alleges that his attorney was ineffective for failing to object to the factual basis presented by the government at his Rule 11 hearing. Petitioner fails to identify the basis on which counsel might have objected to the factual presentation and has therefore failed to show how his attorney's conduct fell below an objectively reasonable standard. The factual basis presented by the government related to relevant conduct that was intrinsic to the offense admitted by Petitioner. The court was satisfied that the factual basis supported "each of the essential elements of the charged offense." [D.E. 170 at 27]. Even where a valid basis to object exists, counsel's decision not to object may be a reasonable strategic decision not later open to challenge. *See Moore v. United States*, 934 F.Supp. 724, 727 (E.D. Va. 1996) (finding that a failure to object to improper argument was a strategic decision meant to avoid drawing additional attention to the statements) (citing *Inge v. Procunier*, 758 F.2d 1010, 1016 (4th Cir. 1985)). Assuming the factual basis had been objectionable, counsel's decision not to object was still a reasonable decision calculated to help assure that his client received the favorable outcome that a guilty plea helps to achieve.

Finally, Petitioner's claim that counsel failed to explain the elements of the offense and the consequences of his guilty plea must fail. Petitioner stated under oath at his Rule 11 proceeding that his attorney had, in fact, explained the ramifications of the guilty plea to him and that he understood the elements of the offense. The court reviewed for Petitioner the elements of the offenses charged, and Petitioner stated that he understood the nature of the charges against him [D.E. 170 at 15-16]. Petitioner further stated that he understood the rights waived and the consequences of pleading guilty. [D.E. 170 at 14; 18]. Petitioner confirmed to the court that he had discussed the case with his lawyer, read the plea agreement with his lawyer, that his lawyer had answered his questions about the agreement, that he understood the agreement, and that he

11

had no further questions about the agreement. [D.E. 170 at 14; 18-19]. Petitioner's allegations are therefore at odds with the sworn statements he made in the Rule 11 hearing. Such statements are, absent extraordinary circumstances, "always 'palpably incredible' and 'patently frivolous or false.'" *Lemaster*, 403 F.3d at 221. "[A] district court [is] not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amount[s] to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty." *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) (alteration in original). Petitioner demonstrates no extraordinary circumstances warranting consideration of the allegations on § 2255 review. Thus, Petitioner's claim for ineffective assistance of counsel at his Rule 11 hearing is without merit.

## IV. Ineffective Assistance of Counsel at the Sentencing Hearing

Petitioner also contends that his attorney was ineffective at the sentencing hearing. Petitioner argues that counsel was ineffective (1) by failing to object to the quantity of drugs attributed to Petitioner in the PSR; and (2) by advising Petitioner to accept the stipulation to drug quantity despite a lack of evidence to support it. [D.E. 172-1 at 24-32].

Petitioner's first allegation is at odds with the record. In fact, counsel submitted various objections to the drug quantity listed in the PSR. [D.E. 171 at 6]. Only after the prosecution stipulated to a reduced drug quantity did counsel withdraw his objections. [D.E. 171 at 6]. Petitioner contends that counsel should have objected to this reduced amount agreed to by the parties. It appears, however, that counsel's decision to withdraw the objections was a strategic decision involving the negotiation for a § 5K1.1 downward departure for substantial assistance. *See* [D.E. 171 at 9-10]. Once it became clear that defense objections had been withdrawn, the government moved for and the court granted the downward departure motion. Moreover,

12

continuing to object to the drug quantity may have jeopardized any adjustment for acceptance of responsibility. Petitioner has not shown that his attorney's performance was unreasonable.

Petitioner also challenges as unreasonable counsel's advice that Petitioner accept the stipulated drug quantity. Petitioner contends that there was an insufficient factual basis to support the stipulation. Petitioner has not shown that counsel's advice was unreasonable or that Petitioner was prejudiced by this advice. Evidentiary standards are loosened at sentencing, allowing the court wide discretion to consider information which might be inadmissible in other contexts but bears indicia of reliability when fashioning an appropriate sentence. *See* Fed. R. Evid. 1103(d)(3) (rules of evidence do not apply during sentencing); *see also United States v. Rodriguez-Ramos*, 663 F.3d 356, 365 (8th Cir. 2011) (explaining less restrictive evidentiary standards during sentencing phase). A sentencing court finds facts using the preponderance of the evidence standard, allowing even conduct for which a defendant has been acquitted to be considered in fashioning an appropriate sentence. *United States v. Watts*, 519 U.S. 148, 156-57 (1997) (citations omitted). The PSR contains witness statements directly attributing 3.9 kilograms of cocaine to Petitioner. [D.E. 154 at 5-7]. Therefore, Petitioner has not shown either prejudice or deficient performance, as required by *Strickland*, and his third ground for § 2255 relief should be denied.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss be GRANTED, and Petitioner's claims be DISMISSED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until September 17, 2015, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions

of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 31st day of August 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge